OPINION
Defendant Marvin McCreery, Jr., appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which found him in contempt of court for failure to pay temporary spousal support to plaintiff Gloria McCreery during the pendency of this divorce action. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 APPELLANT WAS DENIED "DUE PROCESS" WHEN THE TRIAL COURT ISSUED AN EX-PARTE TEMPORARY SPOUSAL SUPPORT PENDENTE LITE FOR $1,000.00 PER MONTH AND THE SAME WAS REQUIRED TO BE PAID BY DIVISION OF PROPERTY PRIOR TO TRIAL.
ASSIGNMENT OF ERROR NO. 2
 THE AMOUNT OF AN EX-PARTE ORDER FOR TEMPORARY SPOUSAL SUPPORT PENDENTE LITE WHICH IS UNREASONABLE, ARBITRARY OR UNCONSCIONABLE IS REVERSIBLE ERROR.
ASSIGNMENT OF ERROR NO. 3
 THE APPELLANT'S FINANCIAL INABILITY TO COMPLY WITH THE SUPPORT ORDER IS A DEFENSE TO CONTEMPT OF COURT.
The record indicates the parties were married in 1961, and produced one child, who is now emancipated. Appellant is retired, and receives Social Security and a pension from his former employer. In September of 1996, the magistrate to whom the matter was referred issued a temporary spousal support order in the amount of $150.00 per month plus poundage. Appellee objected to the magistrate's report, and after a hearing, the trial court modified the order by increasing it to $750.00 per month, plus poundage, retroactive to August. This created an arrearage, and in November of 1996, the magistrate issued an ex parte order requiring appellant to pay an additional $250.00 per month against the arrearages caused by the increase. Appellant asserts this created a total order for temporary spousal support of $1,000.00 per month compared to his monthly income from Social Security and his pension which is $1,130.00 per month. The trial court ordered that a bank account solely held in appellant's name be subject to a withholding order for the spousal support, but the bank initially dishonored the order because of insufficient funds.
In January, 1997, the magistrate found appellant in contempt of court for failure to obey the court's prior orders. The magistrate sentenced appellant to 30 days in the Tuscarawas County jail and ordered him to access the bank account and make arrangements for the spousal support to be paid. The magistrate suspended imposition of the jail sentence to enable appellant to purge himself of contempt. Appellant appealed the matter to this court, and posted a supercedeous bond in the amount of $6,000.00. This court dismissed the portion of appellant's appeal that challenged the propriety of this temporary spousal support award order, because we found the order of temporary spousal support was not a final appealable order. This matter is now before us on the issue of the finding of contempt.
 I
Appellant first argues he was denied due process of law when the court issued an ex parte order for temporary spousal support order prior to trial on the merits. This court has already found an order of temporary spousal support is not a final appealable order, and the trial court, upon final hearing, can fashion its final orders of property division and spousal support to correct any irregularities that occurred during the pendency of the divorce. A trial court has broad discretion to fashion an order of temporary spousal support, and R.C. 3105.18(C)(1) provides a court should order reasonable and appropriate temporary spousal support.
Appellant argues this temporary spousal support award is unreasonable, arbitrary and unconscionable, and as such is an unlawful order which cannot be the basis for him to be found guilty of contempt of court. We do not agree. The court here gave appellant the opportunity to purge and it appears that it is within appellant's power to do so.
The first assignment of error is overruled.
 II
Appellant next argues the trial court did not comply with Civ. R. 75 (M) in failing to take into consideration of his own needs in fashioning the spousal support order, and the arrearage amount.
Civ. R. 75 (M) provides:
 (1) When requested in the complaint, answer, or counterclaim, or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of court, the court or magistrate, without oral hearing and for good cause shown, may grant spousal support pendente lite to either of the parties for the party's sustenance and expenses during the suit and may make a temporary order regarding the support, maintenance, and allocation of parental rights and responsibilities for the care of children of the marriage, whether natural or adopted, during the pendency of the action for divorce, annulment, or legal separation.
We have reviewed the record, and we find the trial court complied with Civ. R. 75 (M). The record clearly demonstrates appellant is not left without any income to meet his needs, but rather, it appears his own Social Security and pension income is unaffected by the court's order, which removes money from a bank account in appellant's name. Finally, we reiterate the court may adjust any inequities when it enters its final property division in this matter.
The second assignment of error is overruled.
 III
Finally, appellant urges the financial inability to comply with the support order is a defense to a charge of willful contempt of court. While appellant is correct, the record demonstrates appellant actually possesses the financial ability to comply with the support order. We further find the order is not inequitable upon its face, and when the trial court proceeds to a final hearing of the within, it may make such adjustments in the property division and spousal support awards to reach a final, equitable result.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed, and the stay in this matter is terminated. We hereby order the bond posted by appellant dissolved and returned to the appellant, and the matter is remanded to the trial court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
CASE NO. 97AP020012
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. We hereby terminate the stay previously entered in this matter, and order the bond posted by the appellant dissolved and returned to him.